Patience IYOHA, also known as Cheryl Ann Dennis, Petitioner,

v.

ATTORNEY GENERAL OF the UNITED STATES, Dep't of Justice, Respondents.

No. 06–3591–ag.

United States Court of Appeals, Second Circuit.

June 28, 2007.

---

Harvey A. Schein, Schein and Esquenazi, Dallas, Texas, for Petitioner.

Leslie McKay, United States Dept. of Justice, Civil Division, Office of Immigration Litigation, Washington DC, Jonathan H. Hambrick, Assistant United States Attorney, Richmond, Virginia, for Respondents.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. GUIDO CALABRESI, Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Petitioner Patience Iyoha, citizen of Nigeria, seeks review of a July 10, 2006 order of the BIA affirming the November 22, 2004 decision of Immigration Judge ("IJ") Steven R. Abrams, denying her applications for asylum, withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). *In re Patience Iyoha,* a.k.a. *Cheryl Ann Dennis,* No. A97 516 501 (B.I.A. Jul. 10, 2006), *aff'g* No. A97 516 501 (Immig. Ct. Jamaica, N.Y. Nov. 22, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

A petitioner's attorney must "include his most cogent arguments in his opening brief, upon pain of otherwise finding them waived." *McCarthy v. SEC,* 406 F.3d 179, 186 (2d Cir.2005). Here, contrary to the arguments in her reply brief, Iyoha failed to directly address the IJ's adverse credibility determination in her opening brief to this Court. Although she offered conclusory assertions that her testimony was "totally uncontroverted" and "plausible," she did not point to any errors in the IJ's findings, nor did she acknowledge that the IJ made an adverse credibility determination.

Although Iyoha also asserts that she implicitly challenged the IJ's credibility determination by discussing his related legal findings, we do not search for arguments "hidden between the lines of petitioner's brief." *Id.* It is also inadequate that Iyoha eventually challenged the IJ's credibility determination in her reply brief, where arguments raised for the first time in a reply brief do not cure a prior waiver. *Id.*

Accordingly, because we do not find that manifest injustice would result if we decline to reach the adverse credibility determination, we deem any challenges to it to be waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Thus, the finding stands as a valid reason for the agency to have denied Iyoha's application for asylum. Finally, we note that Iyoha does not challenge the agency's denial of her applications for withholding of removal or for relief under the CAT. Therefore, we also deem these claims to be abandoned. *Id.*

Accordingly, the petition for review is DENIED. Having completed our review, Iyoha's previously granted motion to stay removal is VACATED, and her motion for release and to set bail is DISMISSED as moot.